IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALINA GRAJNY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-02719 |
| ) | |
| v. ) | Judge: Ruben Castillo |
| ) | |
| CREDIT CONTROL, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Credit Control, LLC ("Credit Control"), by its attorney Patrick A. Watts of the Watts Law Group, LLC, in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6), submits the following memorandum of law and states as follows:

**INTRODUCTION**

Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") based upon one collection letter dated February 20, 2018. (see DE 1 at ¶ 16). A true and accurate copy of the Letter is attached hereto as **Exhibit A** (hereinafter, the "Letter"). Plaintiff contends that the Letter was false, misleading and unconscionable in violation of the FDCPA because Plaintiff's debt had been previously discharged in bankruptcy. As more fully set forth below in the Legal Standard section, the Letter is appropriately considered on a motion to dismiss because it was both referenced in the Complaint, and is central to the entirety of Plaintiff's claims. An important detail missing from Plaintiff's complaint, but made clear by the Letter, is that the letter was mailed exclusively to Plaintiff's bankruptcy attorney and not to Plaintiff. The Letter contains the Plaintiff's name, but was sent in "care of" Plaintiff's bankruptcy attorney and mailed to the attorney's office. Consequently, Plaintiff's FDCPA claims, that the Letter was false,

deceptive, misleading, or unconscionable under FDCPA Sections § 1692e(2), § 1692e(10) and § 1692f fail as a matter of law because a competent attorney, having notice that the debt had been discharged, would not have been deceived by the Letter.

## LEGAL STANDARD

A plaintiff is obligated to provide the "grounds" of his "entitlement to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The court must review the allegations in the complaint to determine whether the complaint states a "plausible" claim for relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). A complaint must show "that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level," which means that the complaint "must do more than merely avoid foreclosing possible bases for relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. See Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Further, worried that a plaintiff "could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit," the Seventh Circuit and other courts have carved out a "narrow exception," to the rule disallowing consideration of documents outside of the Complaint on a 12(b)(6) motion. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The purpose of this exception "is to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus, Inc.*, 300 F.3d at 735. Under the exception, district courts are permitted to examine

documents attached to a motion to dismiss if they are "referred to in the complaint," "central to the plaintiff's claim," and "concededly authentic." *Tierney* 304 F.3d at 738. See also *Geinosky v. City of Chicago*, 2012 WL 1021141 (7th Cir. 2012); *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Albany Bank & Trust Co. v. Exxon Mobile Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

## SUMMARY OF ALLEGATIONS

Plaintiff's FDCPA claims are solely based upon the theory that a single collection letter (Exhibit A) sent by Credit Control to Plaintiff's bankruptcy counsel on or about February 20, 2018 was a violation of the FDCPA because the debt had previously been discharged in bankruptcy. (Doc 1. ¶¶ 15, 16). Plaintiff's Complaint makes no allegation of any other communications by Credit Control in connection with the subject debt. Plaintiff incurred a debt to Department Stores National Bank ("DSNB") for a Macy's branded credit card, which was placed with Credit Control for collection purposes (the "Debt"). (See Exhibit A attached hereto). Plaintiff defaulted on the Debt. (DE 1 at ¶ 11). On July 21, 2017, Plaintiff filed a voluntary bankruptcy petition (the "BK Petition). On October 24, 2017, Plaintiff received a discharge, which included the Debt. (DE 1 at ¶ 15). On February 20, 2018, Credit Control mailed or caused to be mailed a letter to Plaintiff's bankruptcy attorney. (DE 1 at ¶ 16 and Exhibit A). Plaintiff now brings FDCPA claim against Credit Control, alleging that the Letter to Plaintiff's bankruptcy attorney violated § 1692e(2), § 1692e(10), § 1692f, and §1692e. (DE 1, ¶¶ 22, 24, 26, and 28) by seeking to collect a debt that had been discharged. The February 20, 2018 Letter was sent exclusively to Plaintiff's bankruptcy attorney's address at 7742 W Higgins Rd, Ste C102. The Letter was addressed to Plaintiff C/O Alicja Sroko Law. Alicia M. Sroka is the attorney who signed and filed Plaintiff's bankruptcy petition on January 21, 2017. A true and accurate copy of the attorney signature page from Plaintiff's bankruptcy petition is attached hereto as **Exhibit B**. On October 24, 2017, Plaintiff

received an "Order of Discharge" from the bankruptcy court. A true and accurate copy of the Order of Discharge is attached hereto as **Exhibit C**.

## ARGUMENT

I. **Plaintiff fails to state a claim because the only alleged FDCPA violations arise from the Letter sent solely to Plaintiff's bankruptcy attorney who could not have been misled or deceived because she had knowledge that Plaintiff's debt had been discharged.**

Plaintiff claims that the Letter sent to Plaintiff's bankruptcy attorney violated § 1692e, § 1692e(2), and §1692e(10) of the FDCPA. Section 1692e, 1692e(2), and 1692(10) provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e, 1692e(2), and 1692e(10).

Each and every one of Plaintiff's claims are predicated on the assumption that the Letter was a "communication" with Plaintiff, a threshold legal issue for each claim of Plaintiff. The 7th Circuit has held that communications to a consumer's attorney in an attempt to collect a released debt are not violations of §1692e when a "competent attorney" would not have been misled by the communications. *Bravo v. Midland Credit Mgmt., Inc.,* 812 F.3d 599, 603 (7th Cir. 2016).

A consumers name on an envelope does not equate to communication with that consumer when it is sent "care of" and to the address of an attorney". *Id.*

4

    As stated by the 7th Circuit in *Bravo*:

> "Whether a debt is pending or discharged is irrelevant. A debt collector may not even be aware—until he contacts debtor's counsel—that a debt has been resolved. "Courts do not impute to debt collectors other information that may be in creditors' files-for example, that debt has been paid or was bogus to start with." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir.2004). If the Court cannot impute creditors' knowledge to a debt collector, it stands to reason that it cannot limit a debt collector's ability to communicate with a debtor's counsel to only those incidents where a debt is owed."

*Bravo v. Midland Credit Mgmt., Inc.,* 812 F.3d 599, 603 (7th Cir. 2016).

    The 7th Circuit has consistently held that with regard to "false, deceptive, or misleading representations" in violation of § 1692e of the FDCPA, the standard is: (1) whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law. *Id.*; See also *Zemmeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir.2012); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir.2009).

    The 7th Circuit in *Bravo* more fully described the competent attorney standard as "whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by two letters requesting payment for debts resolved by Settlement". *Bravo* at 603. The 7th Circuit in *Bravo* stated, "we believe a competent attorney would be able to determine whether his client continued to owe a debt after it was settled in full and would therefore not be deceived by the two letters". The court in *Bravo* was analyzing a situation where the debt had been discharged in a prior settlement, but the collector subsequently issued a collection letter to the plaintiff's attorney. *Id.*

    In this case, Plaintiff's bankruptcy counsel, having listed the subject debt in Plaintiff's bankruptcy schedule, and having received the discharge via the court's ECF system on October

5

24, 2017, would have been fully aware that the debt was discharged. Accordingly, the objective "competent attorney" would not have been deceived by the Letter to Plaintiff's bankruptcy counsel and accordingly, Plaintiff's §1692e claims should be dismissed for failure to state a claim. The only remaining claim of Plaintiff, (Count III), that the Letter was an "unfair and/or unconscionable means to collect, or attempt to collect the debt" under §1692f, is predicated entirely on Plaintiff's claim that the Letter was false, deceptive or misleading. As set forth in *Bravo*, the Letter was not false, deceptive or misleading to a competent attorney and accordingly, Count III fails to state a claim.

## CONCLUSION

WHEREFORE, Defendant Credit Control, LLC, respectfully request this Court dismiss Plaintiff's complaint in its entirety, with prejudice, and for any other relief in their favor this Court deems appropriate.

Dated: May 17, 2018

Respectfully submitted,

CREDIT CONTROL, LLC, Defendant

*/s/Patrick A. Watts*
Patrick A. Watts, Esq.
WATTS LAW GROUP, LLC
212 S. Bemiston, Suite 200
Clayton, MO 63105
Tel: 314-669-5490
E-mail: pwatts@swattslaw.com

## **CERTIFICATE OF SERVICE**

I, Patrick Watts, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon the following individual(s), electronically via the Case Management/Electronic Case Filing System ("ECF"), this May 17, 2018.

*Attorneys for Plaintiff(s)*
Richard J. Meier
MEIER, LLC
401 N. Michigan Ave., Suite 1200
Chicago, IL 60611
Phone: (312) 242-1849
Fax: (312) 242-1841
richard@meierllc.com

                                                */s / Patrick A. Watts*