UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALINA GRAJNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 2719 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| CREDIT CONTROL, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Halina Grajny ("Plaintiff") brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Credit Control, LLC ("Defendant"), alleging that Defendant violated the FDCPA by attempting to collect a debt incurred by Plaintiff that was discharged through bankruptcy. (R. 1, Compl. ¶¶ 19-28.) Defendant moves to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (R. 7, Mot. at 1-2.) For the reasons set forth below, Defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff is an Illinois resident, and Defendant is a limited liability, debt collection company with its principal offices in Missouri.[1] (R. 1, Compl. ¶¶ 3, 6, 8.) Sometime before July 21, 2017, Plaintiff incurred the debt that is the subject of this lawsuit and defaulted on that debt. (*Id.* ¶ 11.) On July 21, 2017, Plaintiff filed for bankruptcy. (*Id.* ¶ 12; *see also* R. 8-2, Signature

---

[1] Defendant provides no information about the identity and citizenship of the limited liability company's members, but these facts are not material because the Court has subject-matter jurisdiction over FDCPA claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Page at 1.)² The bankruptcy petition that Plaintiff filed is signed by Plaintiff's attorney, Alicja Sroka ("Sroka"). (R. 8-2, Signature Page at 1.) On October 24, 2017, Plaintiff's debt was discharged through bankruptcy. (R. 1, Compl. ¶ 15.)

Nearly four months later, on February 20, 2018, Defendant mailed a collection letter to Plaintiff's attorney related to the discharged debt. (*Id.* ¶ 16; R. 8-1, Letter.) The letter was sent to Sroka's office but was addressed to Plaintiff "[care of] Alicja Srok[a] Law Srok[a]." (*Id.* at 1.) The letter also stated that it "is from a debt collector," and was "an attempt to collect a debt" that Plaintiff incurred at a department store, Macy's, for which Macy's engaged Defendant to collect. (*Id.*) The letter stated that unless Plaintiff disputed the validity of the debt, the debt would be "assumed . . . valid by" Defendant, and the letter directed Plaintiff to pay the balance of her debt. (*Id.*) Plaintiff alleges that Defendant should have known that she previously filed for bankruptcy and had the debt discharged, and, as a result, Defendant violated multiple FDCPA provisions by sending her the letter. (R. 1, Compl. ¶¶ 17, 19-28.)

## PROCEDURAL HISTORY

Plaintiff filed her complaint on April 16, 2018. (R. 1, Compl.) She brings four counts against Defendant, all based on different provisions of the FDCPA. (*Id.* ¶¶ 21-28.) In Count I, Plaintiff brings a claim under 15 U.S.C. § 1692e(2) alleging that Defendant's collection letter misrepresented the character, amount, or legal status of Plaintiff's debt. (*Id.* ¶¶ 21-22.) Count II

---

² Defendant, with its motion to dismiss, attaches a copy of the signature page of the bankruptcy petition that Plaintiff filed. (R. 8-2, Signature Page at 1.) Defendant also included as an exhibit to its motion a copy of the collection letter that Defendant sent to Sroka. (R. 8-1, Letter.) The Court notes that the collection letter and Plaintiff's bankruptcy petition are referred to in the complaint and critical to Plaintiff's allegations. (R. 1, Compl. ¶¶ 11-19.) Defendant's exhibits are concededly authentic as Plaintiff relies on those documents in her response to the motion to dismiss, and she does not object to their authenticity or Defendant's reliance on those documents. (R. 12, Resp. at 2 n.4, 3-5.) The Court, therefore, will consider the collection letter and the signature page of Plaintiff's bankruptcy petition in its analysis of Defendant's motion to dismiss. *See Geinosky*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see also Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012).

alleges that the letter violated 15 U.S.C. § 1692e(10) by "using false representations" or "deceptive means" to collect the debt. (*Id.* ¶¶ 23-24.) In Count III, Plaintiff claims that Defendant violated 15 U.S.C. § 1692f by "engaging in unfair or unconscionable means" to collect the debt. (*Id.* ¶¶ 25-26.) Finally, in Count IV, Plaintiff alleges that Defendant engaged in false, deceptive, or misleading methods to collect the debt in violation of 15 U.S.C. § 1692e. (*Id.* ¶¶ 27-28.)

On May 17, 2018, Defendant filed the present motion to dismiss. (R. 7, Mot.) Defendant argues that dismissal is warranted because the collection letter was sent to Sroka—Plaintiff's attorney—and not Plaintiff. (R. 8, Mem. at 4.) Defendant suggests, therefore, that the letter was not a "communication" about a debt with Plaintiff, but instead merely a communication with Plaintiff's attorney for which Plaintiff has no cause of action. (*Id.*) Defendant also argues that a "competent attorney" like Sroka who received the collection letter and handled Plaintiff's bankruptcy would have known that the debt referred to in the collection letter was discharged; accordingly, Sroka would not have been confused, deceived, or misled by the letter, and Plaintiff's FDCPA claims fail as a result. (*Id.* at 5-6.)

In response, Plaintiff argues that she may bring an FDCPA claim against Defendant even though the collection letter was addressed to the "care of" her attorney instead of to her personally. (R. 12, Resp. at 3-4.) She also contends that dismissal is premature at this stage of the litigation because it can be inferred that Defendant either made no effort to ascertain the status of Plaintiff's debt or that it acted with "an intentional disregard for the bankruptcy process[.]" (*Id.* at 5.)

## LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A motion to dismiss pursuant to Rule

3

12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation and internal alteration omitted). "Although detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "To rise above the speculative level of plausibility, the complaint must make more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (citation, alteration, and internal quotation marks omitted). In deciding a motion to dismiss, however, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. FED. R. CIV. P. 10(c). So are documents that are critical to the complaint, concededly authentic, and referred to in the complaint, and information that is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see also Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012) (ruling that the district court did not err by considering documents outside of the complaint in its decision on a motion

4

to dismiss because the documents were referred to in the complaint, were "concededly authentic," and were "central to the plaintiffs' claim").

## ANALYSIS

First, Defendant suggests that the Court should dismiss Plaintiff's complaint because the collection letter Defendant sent to Plaintiff's attorney is not a "communication" to Plaintiff that is actionable under the FDCPA. (R. 8, Mem. at 4.) Under the FDCPA, however, the import of a communication to the debtor's attorney instead of the debtor herself is not that the communication fails to give rise to an actionable FDCPA claim; rather, the communication is reviewed under a different legal standard. *See Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016) ("This case involves alleged false representations to a debtor's attorney. Therefore, the standard is whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by two letters requesting payment for debts resolved in a settlement."); *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 947 (7th Cir. 2011) ("[W]e have applied a different standard—that of the 'competent lawyer'—when assessing FDCPA claims brought in response to statements made to lawyers rather than consumers.").[3] Accordingly, the Court rejects any suggestion that Plaintiff cannot maintain an FDCPA action against Defendant simply because the collection letter was sent to Plaintiff's attorney instead of Plaintiff herself. *See Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04 CV 5759, 2008 WL 4425444, at *3 (N.D. Ill. Sept. 26, 2008) (ruling that a letter naming the debtor but mailed to the debtor's attorney could give rise to an FDCPA claim that would be reviewed under the "competent lawyer" standard).

---

[3] If the communication had been sent directly to Plaintiff, Defendant's conduct would be reviewed under the "unsophisticated consumer" standard, which "asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007).

5

Next, Defendant argues that Plaintiff cannot maintain a cause of action under the FDCPA, because it is not plausible that Plaintiff's attorney was deceived or misled in any way when she received Defendant's collection letter about a debt that she had helped Plaintiff discharge through bankruptcy. (R. 8, Mem. at 4-6.) Plaintiff alleges, and there is no dispute that, the collection letter at issue was sent to Plaintiff's attorney, not Plaintiff herself—the recipient's address in the collection letter is the same as Plaintiff's counsel's address that is reflected on the signature page of Plaintiff's bankruptcy petition. (R. 1, Compl. ¶ 16; R. 8-1, Letter at 1; R. 8-2, Signature Page at 1.)

Because this case "involves alleged false representations to a debtor's attorney," the relevant inquiry is "whether a competent attorney, even if [she] is not a specialist in consumer debt law, would be deceived by" Defendant's collection letter requesting payment for a debt that was discharged in bankruptcy. *Bravo*, 812 F.3d at 603; *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774-75 (7th Cir. 2007) ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if [she] is not a specialist in consumer debt law, should not be actionable."). This standard applies to any allegedly false communication "sent to the debtor's lawyer if the falsehood was readily discoverable by the lawyer." *Caprel v. Specialized Loan Servicing, Inc.*, No. 15 C 09145, 2016 WL 4678313, at *6 (N.D. Ill. Sept. 7, 2016).

For example, in *Bravo v. Midland Credit Mgmt., Inc.*, No. 14 C 4510, 2014 WL 6980438 (N.D. Ill. Dec. 9, 2014), the court dismissed the plaintiff's FDCPA claims arising out of a letter sent to the plaintiff's attorney because the plaintiff "neither allege[d] nor argue[d] that a lawyer receiving [the defendant's] letters would consider them threatening[.]" *Bravo*, 2014 WL 6980438, at *4. There, the plaintiff's attorney represented her in a case where she settled her

6

debt, and therefore the court reasoned that dismissal was appropriate for FDCPA claims related to subsequent communications referencing that debt because "[i]t would not have taken an expensive or extensive investigation—or even any investigation at all—for a competent lawyer to know [the plaintiff] owed no debts and that the letters were false." *Id.* at *1, 5. The U.S. Court of Appeals for the Seventh Circuit affirmed, reasoning that "[o]n the facts before us, we believe a competent attorney would be able to determine whether his client continued to owe a debt after it was settled in full and would therefore not be deceived by the two letters." *Bravo*, 812 F.3d at 603.

Like *Bravo*, Plaintiff fails to plausibly allege or argue that her counsel was deceived by the collection letter. *Bravo*, 2014 WL 6980438, at *4. Additionally, the collection letter was sent to Plaintiff's attorney who represented Plaintiff in the bankruptcy proceedings that resulted in a discharge of the debt referenced in the collection letter. (R. 8-1, Letter; R. 8-2, Signature Page.) A competent attorney that represents a plaintiff in a bankruptcy proceeding would not be deceived by a letter seeking to collect a debt that was discharged in the same bankruptcy proceeding. *See Bravo*, 812 F.3d at 603; *see also Massa v. I.C. Sys., Inc.*, No. 1:06-CV-207-JDT-TAB, 2008 WL 504329, at *3 (S.D. Ind. Feb. 21, 2008) (observing that plaintiff's counsel "would have known without any investigation that no money was due because he knew that [the plaintiff] had filed bankruptcy. Thus, . . . the claim based on the demand for payment of a debt in bankruptcy made to [plaintiff's counsel] is not actionable.").

This case is distinguishable from those that have survived a motion to dismiss. For example, in *Janetos v. Fulton Friedman & Gullace, LLP*, No. 12 C 1473, 2013 WL 791325 (N.D. Ill. Mar. 4, 2013), the plaintiff alleged that the collection letters at issue caused confusion regarding the true owner of the plaintiff's debt such that it was plausible that a competent

7

attorney would be deceived by the collection letters. *Janetos*, 2013 WL 791325, at *8-9; *see also Caprel v. Specialized Loan Servicing, Inc.*, No. 15 C 09145, 2017 WL 1739919, at *4 (N.D. Ill. May 4, 2017) (declining to dismiss an FDCPA claim by a plaintiff whose debt was discharged in bankruptcy because the plaintiff alleged that the defendant, a mortgage servicing company, had a practice of illegally reporting discharged debts to credit bureaus even though a competent attorney would be aware that mortgage service companies are prohibited by law to report discharged debts to credit bureaus). Similarly, in *Malik v. Kim*, No. 15 C 10924, 2016 WL 4709076, at *5 (N.D. Ill. Sept. 8, 2016), the plaintiff's FDCPA claim survived a motion to dismiss because the plaintiff alleged "a threat to impose a penalty that the threatener knows is improper because unlawful[.]" *Malik*, 2016 WL 4709076, at *5. Here, Plaintiff does not plausibly allege that her counsel was confused by the collection letter or that Defendant sent the collection letter knowing that it was unlawful to do so. (R. 1, Compl. ¶¶ 11-20.) Instead, Plaintiff maintains that "the FDCPA does not require independent bankruptcy verification," but "arguably the [debt] collection industry's standards setting agency recommends that collectors have policies and procedures to search public records and avoid collection of . . . discharged debt." (R. 12, Resp. at 3.) This argument, however, is not germane to the controlling "competent attorney" analysis, which looks at whether an attorney would be deceived by a communication, not whether a debt collector exercised reasonable diligence in ascertaining the existence of a debt. *See Bravo*, 812 F.3d at 603; *Evory*, 505 F.3d at 774-75.

Plaintiff also attempts to distinguish the present case from *Bravo* by arguing that Plaintiff's debt was discharged through bankruptcy, whereas the debtor in *Bravo* resolved her debt through a settlement agreement. (R. 12, Resp. at 3.) The way a debt is resolved, however, is irrelevant; instead, the issue is whether a competent attorney would be deceived by Defendant's

8

collection letter. *See Bravo*, 812 F.3d at 603; *Evory*, 505 F.3d at 774-75. In *Bravo* and in this case, the attorney for each plaintiff represented his or her client throughout the debt resolution process and was aware that no debt existed that the defendant could collect even though the defendant sent a communication regarding such debt. *See Bravo*, 2014 WL 6980438, at *4-5. Accordingly, the Court rejects Plaintiff's arguments and grants Defendant's motion to dismiss the complaint in its entirety, as all of Plaintiff's claims are premised on the allegedly false or misleading communication to Plaintiff's attorney about a discharged debt. *See Evory*, 505 F.3d at 775 ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if [she] is not a specialist in consumer debt law, should not be actionable."); *Massa*, 2008 WL 504329, at *3 (noting that where the attorney "would have known without any investigation that no money was due," a demand for a payment of a debt discharged in bankruptcy is not actionable). The Court, however, will dismiss the complaint without prejudice and afford Plaintiff an opportunity to replead her FDCPA claims. *See Bravo*, 2014 WL 6980438, at *6 ("Although it is doubtful that Bravo can save her case through repleading, the court will give her one opportunity to do so.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (R. 7) and dismisses this action without prejudice. Plaintiff may file an amended complaint repleading her claims consistent with this order within 30 days of the date of this order. If Plaintiff fails to do so, the dismissal will be converted to one with prejudice. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

**Dated: October 9, 2018**